IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 8:08CR205 |
| vs. ) | |
| ) | **PRELIMINARY ORDER** |
| WAYNE SCHWARTE, ) | **OF FORFEITURE** |
| ) | |
| Defendant. ) | |

NOW ON THIS 8th day of July, 2008, this matter comes on before the Court upon the United States' Motion for Issuance of Preliminary Order of Forfeiture. The Court reviews the record in this case and, being duly advised in the premises, finds as follows:

1. The Defendant has entered into a Plea Agreement, whereby he has agreed to plead guilty to Counts I and II of said Indictment. Count I of said Indictment charges the Defendant with being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). Count II of said Indictment charges the Defendant with using a Ruger .22 caliber handgun on the basis it was a firearm involved or used in the knowing commission of the offense charged in Count I.

2. By virtue of said plea of guilty, the Defendant forfeits his interest in the subject property, and the United States should be entitled to possession of said property, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

3. The United States' Motion for Issuance of Preliminary Order of Forfeiture should be sustained.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

A. The United States' Motion for Issuance of Preliminary Order of Forfeiture is hereby sustained.

B.  Based upon Count II of the Indictment and the Defendant's plea of guilty, the United States is hereby authorized to seize the Ruger .22 caliber handgun.

C.  The Defendant's interest in said property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C., § 853(n)(1).

D. The aforementioned forfeited property is to be held by the United States in its secure custody and control.

E.  Pursuant to 21 U.S.C., § 853(n)(1), the United States of America forthwith shall publish at least once for three successive weeks in a newspaper of general circulation, in the county where the subject property is situated, notice of this Order, Notice of Publication evidencing the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in any of the subject forfeited property must file a Petition with the court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

F.  Said published notice shall state the Petition referred to in Paragraph E., above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the property, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title or interest in the subject property and any additional facts supporting the Petitioner's claim and the relief sought.

G. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property subject to this Order as a substitute for published notice as to those persons so notified.

H.  Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C., § 853(n), in which all interests will be addressed.

ORDERED this 8th day of July, 2008

**BY THE COURT:**

/s Joseph F. Bataillon

**JOSEPH F. BATAILLON, CHIEF JUDGE**
**United States District Court**